United States District Court
Southern District of Texas
**ENTERED**
June 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL JONES, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION No. 3:20-cv-00109 |
| | § | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., *et al.*, | § § § § | |
| *Defendants*. | | |

## ORDER GRANTING MOTION TO REMAND

On April 3, 2020, National Union Fire Insurance Company removed the above-captioned and -numbered case to this court from the 149th Judicial District Court of Brazoria County, on the basis of diversity jurisdiction. Dkt. 1. At 2 (citing 28 U.S.C. §§ 1441 and 1332(a)(1)). Before the court is Michael Jones, Jr.'s unopposed motion to remand. Dkt. 5; *see* S.D. Tex. L.R. 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction and compliance with the requirements of the removal statute. *Shearer v. Sw. Serv. Life. Ins.*, 516 F.3d 276, 278 (5th Cir. 2008). The court must strictly construe removal statutes "against removal and for remand." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir.

2002) (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)).

It is black-letter law that a removing defendant must satisfy all jurisdictional and procedural requirements. One such procedural requirement is that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see SkyGlass, Inc. v. PartnerShip, LLC*, 3:19-CV-1087-S, 2019 WL 3819282, at *2 (N.D. Tex. Aug. 14, 2019) ("[I]n cases removed on the basis of diversity or federal[-]question jurisdiction, *all defendants must consent to removal* unless a statute other than [28 U.S.C.] § 1441 authorizes the removal without one defendant's consent." (emphasis added)). Removal is procedurally defective if such consent is not timely obtained. *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); *see Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.,* 81 F. Supp. 3d 543, 557 (S.D. Tex. 2015) (Harmon, J.) ("Failure to join in removal is a procedural defect that cannot be cured . . ."); *see also Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. America*, 841 F.2d 1254, 1262 (5th Cir. 1998) (requiring "some timely written indication" of each served defendant's consent).

National Union's removal documents establish that its co-defendant, State Farm Mutual Automobile Insurance Company was served on February 18, 2020. Dkt. 1 at 27. National Union does not argue, nor do its removal documents show, that State Farm consented to removal.

Accordingly, removal was inappropriate, and Jones' motion to remand is **GRANTED**. This case is **REMANDED** to the 149th Judicial District Court of Brazoria County. The district clerk is directed to transmit the case file to the district clerk of Brazoria County.

Signed on Galveston Island on the 8th day of June, 2020.

                                                JEFFREY VINCENT BROWN
                                                UNITED STATES DISTRICT JUDGE